**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| ANGELA K., | Case No: 1:21-cv-88 |
| Plaintiff, | Barrett, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

### REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned judicial appeal of the Commissioner's decision to deny Plaintiff disability insurance benefits under the Social Security Act. Currently pending before the Court is Plaintiff's counsel's motion for an award of attorney fees based on a pre-existing contingency fee agreement. For the reasons stated, the motion should be GRANTED.

**I.     Background**

As a result of Plaintiff's 2021 judicial appeal, the Court reversed the Commissioner's adverse decision and entered an order of remand for further administrative proceedings under sentence four of the Social Security Act. (*See* Docs. 13-14). Plaintiff's prevailing party status in obtaining a judgment of remand entitled her to recover attorney fees under the Equal Access to Justice Act ("EAJA"). On September 9, 2022, the parties filed a joint motion for a stipulated EAJA award of $5,000, which the Court granted on September 27, 2022. (*See* Docs. 16, 17).

Two years later on September 18, 2024, the Social Security agency sent Plaintiff and her counsel a Notice of Award reflecting an award of past-due benefits owed to Plaintiff. On October 15, 2024, Plaintiff's counsel timely filed a motion that seeks an additional attorney's fee award under 42 U.S.C. § 406(b),[1] consistent with the contingent fee agreement that Plaintiff signed in 2021.

**II.     Analysis**

Unlike an EAJA fee which is paid directly by the United States, a fee awarded under 42 U.S.C. §406(b) has a direct impact on the disabled claimant, because it is paid from the benefits award. For that reason, the maximum contingent fee award that can be made under § 406(b) is 25% of the past-due benefits award. In this case, 25% of the past-due benefits award equals $21,536.67. The Notice of Award reflects that the Commissioner has withheld that amount for payment of any attorney fees that may be awarded.[2]

As is typical for requests that do not financially impact the United States, the Commissioner's response to Plaintiff's motion states that it neither supports nor opposes the §406(b) motion. (Doc. 19) The response further acknowledges that the fee request remains subject to additional judicial review under *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002) and related Sixth Circuit authority to determine the "reasonableness" of any award. Under that authority, a contingency fee may be reduced

---

[1] *See* Local Rule 54.2(b) (requiring motions for attorney's fees filed under the Social Security Act to be filed within 45 days "after entry of judgment or the date shown on the face of the social security certificate award (notice of award), whichever is later."

[2] The Social Security Agency withholds 25% of any past-due benefits award for payment of attorney's fees. Although separate fees may be awarded by the agency for work performed at the administrative level, only a court may award fees for work performed in federal court.

2

if the fee requested would constitute a windfall. *Gisbrecht,* 535 U.S. at 808, citing *Rodriguez v. Sec'y of HHS*, 865 F.2d 739, 746-747 (6th Cir. 1989) (en banc).

In the motion filed in this case, counsel aggregated his contractual contingent fee to include both the award sought from this Court under 42 U.S.C. § 406(b) and the $6,000.00 sought from the ALJ under 42 U.S.C. §406(a) for work performed at the administrative level.[3] Therefore, in lieu of the full 25% award of $21,536.67 permitted by statute,[4] counsel seeks a contingent fee award of $15,536.67 for the 26.5 hours spent prosecuting the above-captioned judicial appeal. Counsel's motion further acknowledges that, if the full $15,536.67 is awarded by this Court, counsel will refund the previously-awarded $5,000.00 EAJA fee to Plaintiff in order to avoid double-recovery for the same work.

Published case law from this district explains that an attorney seeking fees under §406(b) "must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered." *Lowery v. Comm'r of Soc. Sec.*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013) (citing *Gisbrecht*, 535 U.S. at 807). In *Ringel v. Comm'r,* 295 F. Supp.3d 816 (S.D. Ohio 2018), the Court identified five key "guideposts" used to determine whether a §406(b) fee request should be approved as reasonable, or whether, conversely, it constitutes a windfall. The relevant guideposts are: (1) whether the hourly rate passes the test established in *Hayes v. Sec'y of HHS*, 923 F.2d 418 (6th Cir. 1990); (2) whether the fee has grown inordinately large due to

---

[3]Counsel represents that he has filed a petition before the ALJ under 42 U.S.C. § 406(a).
[4]In *Culbertson v. Berryhill*, 139 S.Ct. 517 (2019), the Supreme Court held that the cap that limits attorney fees to 25% of past-due benefits applies only to fees for representation before the court, and does not cap the aggregate total fees awarded by both the agency under § 406(a) and the court under § 406(b). That said, the contractual terms of the fee agreement may require such aggregation in any given case.

3

delays in proceedings; (3) the quality and quantity of hours for which compensation is sought; (4) whether counsel has compromised the fee; and (5) whether the Commissioner opposes the award or other unique circumstances apply. *Id.*

**A. Application of the *Hayes* Test Proves Reasonableness**

In *Hayes v. Sec'y of HHS*, 923 F.2d 418 (6th Cir. 1990), the Sixth Circuit established that "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable." *Id.*, 923 F.2d at 422. In other words, if a contingency fee is authorized by a fee contract that does not exceed the statutory maximum fee of 25%, and if the total fee further falls below the *Hayes* "floor," then a reviewing court has satisfied its duty to ensure the fee is not a windfall. A hypothetical hourly rate that equals or exceeds twice counsel's "standard rate" still may be "reasonable," but requires additional judicial review. *Id*. The application of the *Hayes* test is always the first step in assessing the reasonableness of a fee, and sometimes the last.

To calculate whether the fee falls below the *Hayes* floor in this case, the total contingency fee of $15,536.67 sought by counsel is divided by the total number of hours spent in this judicial appeal (26.5). That equation yields a hypothetical hourly rate of $586.29. To determine whether that hypothetical rate is more than twice counsel's standard rate, the Court need only ascertain counsel's "standard rate."

The EAJA-based "standard rate" is "entitled to presumptive weight under *Hayes* <u>in the absence of evidence of counsel's normal billing rate for comparable, noncontingent work</u>." *Ringel.*, 295 F.3d at 831 (emphasis added); *see also id*. at 830 (discussing impropriety of using bar association rates and prior Sixth Circuit approval of EAJA rate as a proxy for the "standard rate"). But in the record presented, counsel has filed an affidavit

4

attesting that his standard hourly billing rate is $350.00. (*See* Doc. 18, PageID 1752-53). Counsel's affidavit rebuts the presumption that a lower EAJA rate should serve as proxy for his standard rate. And because the $586.29 hypothetical hourly rate is considerably less than twice counsel's standard hourly rate ($700.00), the total award is "per se reasonable" under the *Hayes* test. Because the fee award passes the *Hayes* test, review of the additional guideposts under *Ringel* is unnecessary.

### B. EAJA-Related Deduction

Counsel's motion states that he will refund the prior EAJA award as legally required by the EAJA savings provision in order to avoid a duplicate recovery.[5] The total contingent fee award requested ($15,536.67), less the previously received EAJA fee ($5,000.00), yields a net additional § 406(b) fee of $10,536.67. The undersigned recommends that the Court apply an offset of the $5,000.00 EAJA fee previously awarded rather than requiring a refund and repayment of the same amount.[6] Therefore, the Court should award Plaintiff's counsel the total <u>net</u> fee of $10,536.67.

### III. Conclusion and Order

Plaintiff seeks a total fee award under §406(b) of $15,536.67 to be made payable to counsel based on his work in the above-captioned judicial appeal, less the amount previously under the EAJA. The Court agrees that the total fee award sought by counsel is "per se reasonable" under the *Hayes* test and otherwise appropriate under 42 U.S.C. § 406(b). The only adjustment required is to refund – or in this case offset - the amount

---

[5]The savings provision in the EAJA works in tandem with § 406(b) to prohibit duplicate fee awards for "the same work." *See* PL 99-80 (HR 2378), PL 99-80, August 5, 1985, 99 Stat 183.

[6]For the convenience of the parties, this Court routinely applies EAJA-related fees as an offset to a § 406(b) award rather than requiring counsel to issue a refund. *Accord Chad M. v. Comm'r of Soc. Sec.*, No. 1:21-cv-682-MRB-SKB, 2021 WL 1608432, at *1 n.1 (S.D. Ohio, March 22, 2024), adopted at 2024 WL 1533339 (S.D. Ohio April 9, 2024).

5

that counsel previously received as an EAJA fee. Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's motion for an award of attorney fees under 42 U.S.C. §406(b) (Doc. 18) be **GRANTED**, and that counsel be awarded a net contingent fee award of $10,536.67.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| ANGELA K., | Case No: 1:21-cv-88 |
| Plaintiff, | Barrett, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).